IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| STEVEN DENENBERG, M.D.,<br><br>Plaintiff,<br><br>v.<br><br>ECO HEALTH INC., EHL INC., and MICHAEL E. KOVACS,<br><br>Defendants. | 8:18CV279<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on defendants ECO Health Inc. ("ECO"), EHL Inc. ("EHL"), and Michael E. Kovacs's ("Kovacs" and collectively, "defendants") Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2) and (6) (Filing No. 13). The deadline for opposing the motion passed, and Plaintiff Steven Denenberg, M.D., ("Dr. Denenberg") did not file a response to this motion. Instead, on November 6, 2018, twelve days after the deadline to respond and without any leave of court, Dr. Denenberg filed an affidavit which he characterized as a response to the defendants' motion (Filing No. 21). For the reasons stated below, Dr. Denenberg will be granted leave to amend his Complaint to allege facts showing the Court has personal jurisdiction over the defendants.

**I.     BACKGROUND**[1]

Dr. Denenberg is a plastic surgeon residing in Omaha, Nebraska, who maintains an internet website named Facialsurgery.com, which displays photographs of patients before

---

[1]The Court generally views the factual allegations in the light most favorable to the nonmoving party when considering a motion to dismiss. *Digi-Tel Holdings, Inc. v. Proteq Telecomms. (PTE), Ltd.*, 89 F.3d 519, 522 (8th Cir. 1996). Here, however, Dr. Denenberg failed to respond to the motion, so the Court will accept the defendants' plausible factual statements as true. *See* NECivR 7.1(b)(1)(C). Beyond the defendants denying Dr. Denenberg's allegations, there are no meaningful differences between the rendition of the facts in Dr. Denenberg's Complaint and the defendants' Motion to Dismiss. Dr. Denenberg's belated affidavit raises several factual disagreements with the defendants.

and after plastic surgery performed by Dr. Denenberg. Kovacs is a resident of California and the President of both ECO and EHL, which are California corporations with their principal places of business in California. Kovacs, through ECO and EHL, apparently sells products meant to improve people's appearances.

In Dr. Denenberg's Complaint (Filing No. 1), he alleges the defendants "infringed upon . . . [the] photographs from Dr. Denenberg's website, and posted said photographs on the websites, and in the emails, and in other venues that Defendants employed to market their products, representing the improvement seen in the photographs as the result of use of their products." According to Dr. Denenberg, his photographs are registered with the United States Patent and Copyright Office and he has never given another physician or entity permission to use them. Dr. Denenberg attached as Exhibit A to his Complaint the photographs from his website that he alleges the defendants misappropriated. Dr. Denenberg indicated he would also attach the photographs as they were allegedly used by the defendants but did not. Dr. Denenberg's Complaint provided no further detail on how, when, or in what manner the defendants allegedly misappropriated his photographs, or how he discovered that the defendants used his photographs.

Dr. Denenberg asserts five claims against the defendants under the following statutes: (1) the Lanham Act, 15 U.S.C. § 1125(a), *et seq.*, (2) the Copyright Infringement and Remedies Act, 17 U.S.C. § 501 *et seq.*, (3) the Digital Millennium Copyright Act, 17 U.S.C. § 1201 *et seq.*, (4) the Nebraska Uniform Deceptive Trade Practices Act, Neb. Rev. Stat. § 87-301 *et seq.*, and (5) the Nebraska Consumer Protection Act, Neb. Rev. Stat. § 59-1602 *et seq*. Dr. Denenberg seeks statutory damages, costs and attorney fees, injunctive relief, corrective action by the defendants to address "any erroneous impressions persons may have derived" from the alleged misappropriations, and other relief.

The defendants maintain they have no direct connections to Nebraska and note Dr. Denenberg's Complaint did not describe the nature of the alleged misappropriations or

their relationship with Nebraska. Dr. Denenberg's affidavit did elaborate on these crucial details, where he asserted his website and its contents were created in Nebraska and that his website clearly indicates its owner is located in Nebraska. Further, his affidavit described the manner in which the defendants used his photographs, including that the defendants sent him an email in Nebraska that advertised their products while displaying his photographs. Dr. Denenberg's affidavit does not comply with NECivR 7.1(b) or serve as a response to the defendants' motion.[2] The Court is concerned, however, with the deficiencies in Dr. Denenberg's Complaint itself, so Dr. Denenberg will be given leave to amend his Complaint.

**II.     DISCUSSION**

The defendants move the Court to dismiss this action for lack of personal jurisdiction. The party seeking to establish the Court's in personam jurisdiction bears the burden of proof but needs only make a prima facie showing of jurisdiction. *Viasystems, Inc. v. EMB-Papst St. Georgen GmbH & Co., KG*, 646 F.3d 589, 591 (8th Cir. 2011). Because Nebraska's long-arm statute extends jurisdiction over nonresidents to the maximum extent permitted by the Due Process Clause of the Fourteenth Amendment of the U.S. Constitution, *see* Neb. Rev. Stat. § 25-536; *Wagner v. Unicord Corp.*, 526 N.W.2d 74, 77 (Neb. 1995), this Court must consider whether exercising personal jurisdiction would comport with due process,[3] *see Epps v. Stewart Info. Servs. Corp.*, 327 F.3d 642, 647 (8th Cir. 2003).

---

[2]In addition, submitting a stand-alone affidavit without leave of court does not serve to amend his Complaint.

[3]Two types of personal jurisdiction exist: general and specific. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414-15 (1984). The paradigm forum for the exercise of general jurisdiction is an individual's domicile and where a corporation has connections that are so constant and pervasive "as to render [it] essentially at home in the forum." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919, 924 (2011). Neither party has alleged facts which support general jurisdiction, so the Court discusses only specific jurisdiction.

3

Due process "requires sufficient 'minimum contacts' between the defendant[s] and the forum state so that 'maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *Id.* (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291-92 (1980)). The key question is whether the defendants "purposely availed [themselves] of conducting activities within the forum state and thereby invoked the benefits and protections of its laws."[4] *Steinbuch v. Cutler*, 518 F.3d 580, 586 (8th Cir. 2008). The inquiry "focuses on the relationship among the defendant[s], the forum, and the litigation." *Walden v. Fiore*, 571 U.S. 277, 284 (2014) (quoting *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 775 (1984)).

When an intentional tort is alleged, the "effects test" derived from *Calder v. Jones*, 465 U.S. 783, 789-90 (1984), applies. Under the effects test, specific personal jurisdiction exists where a party intentionally and expressly aims an act at the forum knowing that the "brunt of the injury" will be suffered there such that they can reasonably foresee being haled into court in the forum state. *See Johnson v. Arden*, 614 F.3d 785, 796 (8th Cir. 2010).

The defendants note this district has previously considered similar claims asserted by Dr. Denenberg against nonresidents and determined personal jurisdiction existed under the effects test.[5] *See, e.g., Denenberg v. Ruder*, No. 8:05CV215, 2006 WL 379614

---

[4]The Eighth Circuit has articulated five factors to consider when assessing the sufficiency of a defendant's contacts: "(1) the nature and quality of the contacts with the forum state; (2) the quantity of the contacts; (3) the relationship of the cause of action to the contacts; (4) the interest of [the forum state] in providing a forum for its residents; and (5) the convenience or inconvenience to the parties." *K-V Pharm. Co. v. J. Uriach & CIA, S.A.*, 648 F.3d 588, 592 (8th Cir. 2011) (alterations in original) (quoting *Arden*, 614 F.3d at 794).

[5]In the previous cases in this district, Dr. Denenberg's original complaints were deficient for failing to make a prima facie showing of personal jurisdiction. Like in this case, Dr. Denenberg was given leave to amend his complaints to remedy this same shortcoming, even though he has repeatedly been put on notice that his complaints were deficient, and that his responses to previous motions to dismiss violated Local Rules and were untimely.

(D. Neb. Feb. 15, 2006) (finding personal jurisdiction over a party that allegedly misappropriated content from Dr. Denenberg's website when he alleged his website and its content were created in Nebraska and that his copyright certificate of registration and website noted the owner was located in Nebraska). *But see Denenberg v. Ruder*, No. 8:05CV215, 2005 WL 3556410, at *3 (D. Neb. Dec. 28, 2005) (finding no personal jurisdiction where Dr. Denenberg did not allege where his website or its information was created or how the website's information would cause a defendant to anticipate being haled into a Nebraska court). Here, Dr. Denenberg's Complaint has not alleged sufficient facts to state a prima facie claim for personal jurisdiction under the effects test or otherwise.

Specifically, Dr. Denenberg's Complaint does not allege that his website was created in Nebraska or contained any information indicating some relationship to Nebraska. Dr. Denenberg failed to state how or where the defendants allegedly used his photographs beyond vaguely stating his photographs were employed to market the defendants' products. He offers no facts showing the defendants' marketing efforts specifically targeted or were directed to Nebraska, that any of the defendants' customers or mail or email recipients were from Nebraska, or that the defendants profited from, advertised in, or otherwise exploited Nebraska markets. Simply put, Dr. Denenberg has failed to allege any relationship between this suit and Nebraska beyond the fact that his business is organized and principally located in the state, and he has not given any reason why the defendants should have reasonably anticipated being brought into Nebraska court based on the facts in this case. *See Bridgeport Music, Inc. v. Still N the Water Pub.*, 327 F.3d 472, 482-83 (6th Cir. 2003) (reaching the same conclusion on similar facts in an infringement case); *Ruder*, No. 8:05CV215, 2005 WL 3556410, at *3-4 (same).

Accordingly, there is no basis from which to determine this Court has personal jurisdiction over the defendants. However, the Court finds Dr. Denenberg's Complaint is susceptible to amendment, so Dr. Denenberg will be given leave to amend his Complaint to allege facts showing the Court has personal jurisdiction over the defendants within

seven (7) days from the date of this Order. If Dr. Denenberg fails to amend his Complaint within the time allowed, this matter may be dismissed without further notice.

## III. CONCLUSION

For the foregoing reasons, the Court finds that Dr. Denenberg's Complaint fails to allege facts sufficient to show the Court has personal jurisdiction over the defendants, and therefore, the Court does not need to address the defendants' Motion to Dismiss for failure to state a claim.

    IT IS ORDERED:

1. Plaintiff Steven Denenberg, M.D., is granted to leave to amend his Complaint (Filing No. 1) within seven (7) days from the date of this Order to allege facts showing the Court has personal jurisdiction over the defendants.
2. Failure to so amend may result in dismissal without further notice.

Dated this 9th day of November 2018.

BY THE COURT:

Robert F. Rossiter, Jr.
United States District Judge